IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DANIEL ENRIQUE CHILLOGALLO,

Plaintiff,

v.

JOHN DOE LLC #1, et al.,

Defendants.

Civil No. 15-537 (RMB/KMW)

**OPINION**

APPEARANCES:

LAW OFFICE OF JUSTIN A. ZELLER, P.C.
By: Brandon D. Sherr, Esq.
277 Broadway, Suite 408
New York, New York 10007
    Counsel for Plaintiff

KAO LAW FIRM, LLC
By: Tara P. Kao, Esq.
911 Arch Street, Suite 101
Philadelphia, Pennsylvania 19107
    Counsel for Defendants

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the joint motion of Plaintiff Daniel E. Chillogallo ("Plaintiff") and Defendants John Doe LLC #1, Vin Lin Sushi Corp. d/b/a Megu Sushi Japanese Cuisine, Megu Sushi Ventnor LLC d/b/a Megu Modern Japanese Cuisine, Steven Megu Lin, and Brenda Ong ("Defendants") to approve the parties' settlement and dismiss the action with prejudice [Dkt. No. 62]. The Court has considered the parties' joint submissions, as well as the parties' representations at the in-person status conference on May 1, 2018, and decides the motion without oral argument pursuant to Fed.R.Civ.P. 78(b). For the reasons set forth herein, the Court will grant the parties' motion to approve the settlement agreement and dismiss the case with prejudice.

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff commenced this action on January 26, 2015, alleging unpaid wages, tips, and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New Jersey State Wage and Hour Law, N.J.S.A. § 42:11-56a4. [Dkt. No. 1]. Plaintiff has amended his complaint twice, most recently filing a Second Amended Complaint on February 24, 2016. [Dkt. No. 19]. Although Plaintiff filed this case as a putative collective action, no other potential plaintiffs have opted-in

and Plaintiff has not filed a motion to conditionally certify the class.[1]

Following months of fact discovery and negotiations, on May 31, 2018, the parties entered into a Settlement Agreement and Release (the "Settlement Agreement")[Dkt. No. 63, Ex. 1]. The Settlement Agreement resolves all of Plaintiff's claims, on an individual basis, against Plaintiffs in exchange for a total sum of $15,000.00. On June 1, 2018, the parties filed the instant motion seeking approval of the Settlement Agreement and dismissal of this matter with prejudice.

## II. **LEGAL STANDARD**

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food

---

[1] Therefore, the Court may approve Plaintiff's settlement agreement and dismiss the case without unduly prejudicing any individuals who could have potentially opted-in. See Brumley v. Camin Cargo Control, Inc., No. 08-1798, 2012 WL 1019337, at *1 (D.N.J. Mar. 26, 2012)("An employee's failure to opt in does not prevent him or her from bringing a separate suit at a later date").

Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); see also Rabbenou v. Dayan Foods, Ltd., No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017); Morales v. PepsiCo, Inc., No. 11-6275, 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012).

"Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015). "[A] district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Brumley, 2012 WL 1019337, at *2 (citing Lynn's Food Stores, 679 F.2d at 1354). Accordingly, the Court must review whether the settlement agreement (i) concerns a bona fide dispute, and (ii) is a fair and reasonable resolution for the Plaintiff.

## III. **ANALYSIS**

Based on the record, the terms and conditions of the settlement, and the applicable law, the Court finds that the Settlement Agreement reflects a fair and reasonable resolution of a bona fide dispute over Plaintiff's FLSA claims.

4

First, the Settlement Agreement concerns a bona fide dispute as to Plaintiff's ability to recover for unpaid wages, tips, and overtime. Plaintiff alleges that Defendants failed to pay him the minimum wage and overtime for all hours worked and wrongfully deprived him of tips, in violation of the FLSA. Defendants dispute Plaintiff's allegations, arguing that Plaintiff was compensated above the minimum wage, received a two-hour break daily, and was provided with lodging and living expenses. Defendants also disagree with Plaintiff's calculation of hours worked and maintain that Plaintiff was not employed in a tipped position.

Second, the Settlement Agreement is fair and reasonable to Plaintiff. According to the parties, Plaintiff's counsel's initial damages estimate was approximately $26,718.23, consisting of $2,570.21 in unpaid minimum wages, $9,0003.02 in unpaid overtime, and $15,145.00 in misused tips. Settlement Agreement ¶7. Defendant maintains that the unpaid minimum wage and tip claims are entirely without merit, but acknowledges a risk of exposure on the unpaid overtime claim. Both parties acknowledge that there would be substantial risks and costs associated with fully litigating the case. Under the terms of the Settlement Agreement, Plaintiff will receive $15,000.00, with $5,000.00 allocated to Plaintiff's attorneys' fees and costs, in return for a release of Plaintiff's wage and hour

claims under federal and state law.  After the disbursement of attorneys' fees and costs, Plaintiff will receive $10,000.00, which still reflects an amount higher than his calculated unpaid overtime damages.

On this basis, the Court finds that the Settlement Agreement reflects a fair and reasonable resolution of a bona fide dispute over Plaintiff's wage and hour claims under the FLSA and the analogous New Jersey state statute.

## IV. CONCLUSION

For the reasons set forth above, the joint motion for approval of the parties' settlement and dismissal of this action with prejudice will be granted.  An appropriate Order shall issue on this date.

DATED: October 1, 2018

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE